IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | **C O M P L A I N T** |
| v. | ) ) | |
| UNITED ROAD TOWING, INC., | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant, | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that United Road Towing, Inc. ("United Road Towing" or "Defendant") violated the Americans with Disabilities Act of 1990 by:

1) Terminating a class of qualified disabled employees who exhausted 12 weeks of leave under the Defendant's medical leave policies or practices;

2) Failing to provide reasonable accommodations to a class of qualified disabled employees; and

3) Discriminating against or retaliating against a class of qualified disabled employees who sought rehire after being terminated under the Defendant's medical leave policies or practices.

1

Persons harmed by these practices include Hazel Holmes, William Synder and a class of similarly situated qualified disabled employees.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-6.

2. The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where Defendant does business in the United States.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, United Road Towing was doing business in the State of Illinois and had at least 15 employees.

5. At all relevant times, United Road Towing was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, United Road Towing was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Hazel Holmes and William Synder each filed a Charge of Discrimination with the EEOC alleging violations of Title I and Title V of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In 2008, United Road Towing terminated the employment of Hazel Holmes, an employee with a disability, rather than providing her with a reasonable accommodation, such as extending her leave of absence, in violation of Sections 102(a) and 102(b)(3)(A), 102 (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3), 12112 (b)(5)(A). Holmes is a qualified individual with a disability in that she had rheumatoid arthritis and other physical impairments that substantially limited her in major life activities, but Holmes was nonetheless able to perform her job with or without a reasonable accommodation.

9. In 2009, United Road Towing terminated the employment of William Synder, an employee with a disability, rather than providing him with a reasonable accommodation, such as extending his leave of absence or returning him to work in an available position he could have performed, in violation of Sections 102(a) and 102(b)(3)(A), 102 (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3), 12112 (b)(5)(A). Synder is a qualified individual with a disability in that he had diabetes, but Synder was nonetheless able to perform the functions of his job with or without a reasonable accommodation.

10. The class of employees for whom the EEOC seeks relief were similarly qualified

individuals with disabilities in that, despite their disabilities, they were able to perform their jobs with or without reasonable accommodations.

11. Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(3)(A), 102 (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3), 12112 (b)(5)(A) and Section 503 of Title V of the ADA, 42 U.S.C. § 12203(a).

These practices include, but are not limited to:

a) Maintaining an inflexible unpaid medical leave policy which does not provide for reasonable accommodations of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, and which instead provides for termination of their employment;

b) Failing to provide reasonable accommodations to a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder;

c) Failing to re-hire a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, because of their disabilities; and

d) Retaliating against a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, by not re-hiring them because they requested reasonable accommodations for their disabilities.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Hazel Holmes, William Synder and a class of similarly situated qualified disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were

4

done with malice or with reckless indifference to the federally protected rights of Hazel Holmes, William Synder and a class of similarly situated qualified disabled employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices;

C. Order Defendant to make whole a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices;

D. Order Defendant to make whole a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, by providing compensation for past and future pecuniary losses resulting from unlawful employment practices;

E. Order Defendant to make whole a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, by providing compensation for non-pecuniary losses resulting from unlawful practices, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay a class of qualified disabled employees, including but not limited to Hazel Holmes and William Synder, punitive damages for malicious and reckless conduct, in an amount to be determined at trial;

K. Grant such further relief as the Court deems necessary and proper in the public interest; and

L. Award the Commission its costs of this action.

6

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507


        /s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney


        /s/ Diane I. Smason
        Diane I. Smason
        Supervisory Trial Attorney


        /s/ Brandi Davis
        Brandi Davis
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        500 West Madison Street, Suite 2000
        Chicago, Illinois 60661
        312-353-7547
        brandi.davis@eeoc.gov